IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-HC-02246-M

KEN EJIMOFOR EZEAH,  )
                    Petitioner,  )
                    v.  )              ORDER
WARDEN HECKARD,  )
                    Respondent.  )

On November 11, 2023, Ken Ejimofor Ezeah ("petitioner"), a federal inmate proceeding *pro se*, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. See Pet. [D.E. 1].

First, the court notes that the instant order renders moot petitioner's pending motion to expedite. See Mot. [D.E. 12].

Next, although petitioner moves to appoint counsel, see Mot. [D.E. 5] (arguing, *inter alia*, "counsel would be required to best develop the record"); Mot. [D.E. 6] (arguing, *inter alia*, appointment is appropriate because of the importance of the issue), no right to counsel exists in civil cases absent "exceptional circumstances." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated in part on other grounds by Mallard v. U.S. Dist. Court, 490 U.S. 296 (1989); see Bowman v. White, 388 F.2d 756, 761 (4th Cir. 1968) (finding no right to counsel in civil cases and appointment is within court's discretion). "Exceptional circumstances" for appointment of counsel in *pro se* civil cases arise when a movant lacks capacity to represent himself; this is a determination by the court that "hinges on [the] characteristics of the claim and the litigant." Whisenant, 739 F.2d at 163. Because this case is not complex, and because the filings indicate petitioner possesses the capacity to proceed *pro se*, the court DENIES these motions [D.E. 5, 6].

Next, the court summarily grants in part petitioner's motions to the extent he seeks to supplement or amend his petition, [D.E. 7, 11]. See Fed. R. Civ. P. 15(a).

Next, although petitioner seeks injunctive relief or a temporary restraining order ("TRO"), because he fails to demonstrate a likelihood of success on the merits, extraordinary circumstances, clear entitlement to the relief, or that he is likely to suffer irreparable harm in the absence of injunctive relief, the court DENIES this aspect of his motions, [D.E. 7, 11]. Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008); see Real Truth About Obama, Inc. v. FEC, 575 F.3d 342, 346 (4th Cir. 2009) (noting that the Supreme Court has rejected the standard allowing a movant "to demonstrate only a 'possibility' of irreparable harm because that standard was inconsistent with [the Court's] characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the [movant] is entitled to such relief." (quotation omitted)), vacated on other grounds, 559 U.S. 1089 (2010), reissued in relevant part, 607 F.3d 355 (4th Cir. 2010) (per curiam); see also U.S. Dep't of Labor v. Wolf Run Mining Co., 452 F.3d 275, 281 n.1 (4th Cir. 2006) (applying same standards for a TRO and a preliminary injunction); Taylor v. Freeman, 34 F.3d 266, 268–269 (4th Cir. 1994) (noting courts only issue injunctive relief as to prison management in extraordinary circumstances).

The court now conducts its initial review under 28 U.S.C. § 2243.

## Discussion:

Petitioner asserts that the Federal Bureau of Prisons ("BOP") wrongly denied him earned "time credits" under the First Step Act ("FSA") due to an ICE detainer. See Pet. [D.E. 1] at 2. Petitioner notes he has a pending appeal with the Board of Immigration Appeals. Id. at 6. Petitioner first contends that BOP policy conflicts with ICE detainer policy as he has been denied

2

eligibility for FSA early release solely by a "detainer unsupported by probable cause." Id. at 7–8. Second, petitioner contends that BOP policies provide "no instruction on FSA detainer verification mechanism," and that the Warden has avoided verifying the detainer. Id. at 8. For relief, petitioner asks that all 800 days of his FSA "time credits" be applied. Id.

Petitioner's memorandum asserts he "is challenging only the process by which the final order of removal is verified and used by the BOP pursuant to the First Step Act's mandate and not the merits of the final order or how the order was determined." Pet. Attach. [D.E. 1-1] at 1. Petitioner argues that, even if the BOP has "a copy of an order of deportation from an immigration officer," an "ICE warrant would still be necessary to provide certified context of finality to conform with the FSA law which excludes inmates who are subject to a final order of deportation." Id. Petitioner appears to argue that denying FSA "time credits" pursuant to an ICE detainer is a seizure without probable cause that violates the Fourth Amendment. Id. at 2. Petitioner contends, "he has consistently told his unit team that he does not have a current valid order of deportation and [has] requested [that they] verify that with ICE[,] but they have declined to do so." Id. Petitioner also argues that the lack of a verification process for FSA "time credits" amounts to a violation of his Fifth Amendment rights. Id. at 3. For relief, petitioner asks the court to order the BOP to adopt ICE detainer policy "that demands a joint valid ICE warrant," or that BOP and ICE "conduct an expedited immigration 'final order of removal' current status case review evaluation" and "apply all earned early release time credit toward his immediate release" under the FSA. Id.

In his first motion to supplement or amend, petitioner argues, *inter alia*, that he exhausted his administrative remedies and received conflicting responses, and BOP's reliance on a December 20, 2017, ICE detainer is misplaced because this was not a "final order." See Mot. [D.E. 7].

3

In further support, petitioner argues, *inter alia*, that the absence of a warrant accompanying his ICE detainer sets BOP and ICE policies into conflict and violates his due process rights, the BOP should release him to a halfway house because he has accumulated sufficient FSA "time credits," the BOP has not provided documentation of his ineligibility for FSA "time credits," and the BOP's actions are "arbitrary and capricious." See Pet.'r's Mem. [D.E. 9].

In his second motion to supplement or amend, petitioner argues, *inter alia*, that: he exhausted his administrative remedies, but the BOP's Central Office and Regional Office reached different conclusions; BOP policy provides that inmates with immigration detainers that are not final orders of deportation "should be forwarded for processing to CCC placement"; and his FSA "time credits" should immediately be applied towards his early release. See Mot. [D.E. 11].

In his motion to expedite, petitioner argues that: "The BOP has not alleged that the Petitioner[] is ineligible for FSA release for any other reason but the ICE detainer for which it claims is a lodged final order but has provided no evidence of a lodged ICE detainer for a final order." See Mot. [D.E. 12].

Succinctly stated, it is not clear on the face of the filings whether petitioner is entitled to early release pursuant to application of his earned FSA "time credits." But see Sanchez-Rios v. Neely, No. 723CV00481LCBNAD, 2023 WL 9111251, at *2 (N.D. Ala. Dec. 5, 2023), report and recommendation adopted, No. 723CV00481LCBNAD, 2024 WL 69954 (N.D. Ala. Jan. 5, 2024).

Conclusion:

Accordingly, the court: DENIES the motions to appoint counsel [D.E. 5, 6]; GRANTS IN PART the motions to the extent petitioner seeks to amend his petition [D.E. 7, 11], but DENIES these motions to the extent petitioner seeks injunctive relief; DENIES AS MOOT the motion to

4

expedite [D.E. 12]; and DIRECTS the clerk to continue management of the action in accordance with the district plan.

SO ORDERED this 4th day of April, 2024.

*Richard E Myers II*
RICHARD E. MYERS II
Chief United States District Judge

5