IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
Western Division

No. 5:23-HC-2246-M

| | | |
|---|---|---|
| KEN EJIMOFOR EZEAH, | ) | |
| | ) | |
| Petitioner, | ) | MEMORANDUM IN SUPPORT OF |
| | ) | RESPONDENT'S MOTION TO |
| v. | ) | DISMISS, OR IN THE |
| | ) | ALTERNATIVE, MOTION FOR |
| WARDEN HECKARD, | ) | SUMMARY JUDGMENT |
| | ) | |
| Respondent. | ) | |

Respondent, by and through the United States Attorney for the Eastern District of North Carolina, hereby submits this Memorandum of Law in Support of the accompanying Motion to Dismiss, or in the alternative, Motion for Summary Judgment. For the reasons discussed in this memorandum, this Court should dismiss Petitioner's Petition for a Writ of Habeas Corpus ("the Petition") in its entirety.

## STATEMENT OF THE CASE

Ken Ejimofor Ezeah ("Petitioner"), Federal Register Number 98590-379, filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, to challenge the Bureau of Prisons' ("BOP") denial of the application of time credits under the First Step Act ("FSA") due to Petitioner's current immigration status. [D.E. 1 at 6-7]. As relief, he seeks to have his FSA time credits applied to his sentence. [D.E. 1 at 8].

As will be discussed in greater detail below, the instant petition should be

dismissed, as Petitioner is not eligible for the application of FSA time credits, as he is currently subject to a final order of removal[1].

Therefore, a writ of habeas corpus should not issue in this case, and this Petition should be dismissed.

## **STATEMENT OF FACTS**

As demonstrated in detail in Respondent's Statement of Material Facts, filed contemporaneously with the memorandum, Petitioner is currently in service of a 132-month federal sentence. See Respondent's Statement of Material Facts ("RSMF") ¶ 2. Petitioner is currently scheduled to release from his federal sentence on September 11, 2025, via good conduct time release. (RSMF ¶ 3).

On or around April 13, 2023, the BOP received an Immigration Detainer for Petitioner from the U.S. Department of Homeland Security. [D.E. 1-1, at 8]. The Immigration Detainer indicates that Petitioner is subject to a final order of removal. [D.E. 1-1, at 8]. Due to Petitioner's contentions in his Petition, staff at FCC Butner contacted a Deportation Office at U.S. Immigration and Customs Enforcement to confirm that Petitioner is in fact subject to a final order of removal, to which the Deportation Officer provided staff with the Order of the Immigration Judge related to Petitioner's immigration removal proceedings. (RSMF ¶¶ 4-5). The Court's Removal Order specifically indicates Petitioner has been ordered removed from the United States. (RSMF ¶ 6).

---

[1] Respondent concedes that Petitioner has fully exhausted his administrative remedies.

2

An inmate's eligibility for the application of any FSA time credits towards prerelease custody or early release to a term of supervised release is based upon the inmate's recidivism risk-level and other factors, such as whether an inmate is subject to a final order of removal pursuant to immigration laws. (RSMF ¶ 8). According to BOP records, Petitioner is currently identified as being ineligible for application of any FSA time credits due to him being subject to a final order of removal. (RSMF ¶ 9).

## STATUTORY BACKGROUND

Under the FSA, the Attorney General was tasked with developing a risk and needs assessment system for the purpose of (1) determining an inmate's recidivism risk; (2) assessing an inmate's risk of violent or serious misconduct; (3) determining the type and amount of evidence-based recidivism reduction ("EBRR") programming appropriate for each inmate based on the inmate's criminogenic needs; (4) periodically reassessing an inmate's recidivism risk; (5) reassigning an inmate to appropriate EBRR programs and "productive activities"; (6) determining when to provide incentives and rewards for successful participation in EBRR programs and "productive activities"; and (7) determining when the inmate is ready to transfer to pre-release custody or supervised release. See 18 U.S.C. § 3632(a). The FSA allows eligible inmates who successfully complete EBRR programs to receive time credits toward time in pre-release custody or on supervised release. 18 U.S.C. § 3632(d)(4)(A), (C).

3

However, pursuant to 18 U.S.C. § 3632(d)(4)(E), an inmate is ineligible to apply FSA time credits if the inmate "is the subject of a final order of removal under any provision of the immigration laws . . ." 18 U.S.C. § 3632(d)(4)(E)(i). Thus, even if an inmate is eligible to earn credits under the FSA, if he is subject to a final order of removal, he is ineligible for those credits to be applied toward time in prerelease custody or early release to a term of supervised release.

## STANDARD OF REVIEW

### A. Motion to Dismiss Pursuant to 12(b)(1).

Federal district courts are courts of limited subject matter jurisdiction. Exxon Mobil Corp. v. Allapattah Servs., 545 U.S. 546, 552 (2005). When a district court lacks subject matter jurisdiction, the matter must be dismissed. Arbaugh v. Y&H Corp., 546 U.S. 500, 506–07 (2006). When a defendant challenges subject matter jurisdiction, the burden of proving subject matter jurisdiction rests with the plaintiff. See United States ex rel. Vuyyuru v. Jadhav, 555 F.3d 337, 347 (4th Cir. 2009); Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999); Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982).

Courts have recognized two distinct types of challenges under Rule 12(b)(1): a facial challenge to the subject matter jurisdiction, arguing that the allegations in the complaint are insufficient to establish jurisdiction; or a factual challenge asserting "'that the jurisdictional allegations of the complaint [are] not true.'" Kerns v. United States, 585 F.3d 187, 192 (4th Cir. 2009) (alteration in original) (quoting Adams, 697

4

F.2d at 1219). With respect to a facial challenge, a court can properly dismiss for lack of subject matter jurisdiction where a claim fails to allege facts upon which the court may base jurisdiction. Adams, 697 F.2d at 1219. In that case, all the facts alleged in the complaint are assumed to be true and the plaintiff, in effect, is afforded the same procedural protection as he would receive under Fed. R. Civ. P. 12(b)(6). Id. A factual challenge contends that the jurisdictional allegations of the complaint are not true, allowing a trial court to go beyond the allegations of the complaint in an evidentiary hearing to determine if there are facts to support the jurisdictional allegations. Id.

**B. Motion to Dismiss Pursuant to 12(b)(6).**

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see Fed. R. Civ. P. 12(b)(6). A claim is facially plausible when it contains factual allegations that permit the court to reasonably infer the defendant is liable for the alleged misconduct. Ashcroft, 556 U.S. at 678. Although a court must take all factual allegations as true for purposes of a Rule 12(b)(6) motion, the court need not "accept as true a legal conclusion couched as a factual allegation." Id. (quoting Twombly, 550 U.S. at 555). A court "need not accept factual allegations that constitute nothing more than legal conclusions or naked assertions." Southern Walk at Broadlands Homeowner's Ass'n, Inc. v.

5

OpenBand at Broadlands, L.L.C., 713 F.3d. 175, 182 (4th Cir. 2013) (internal quotation marks omitted). The facts alleged in the complaint "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

In ruling on a motion to dismiss pursuant to 12(b)(6), a court is not confined to the "four corners of the complaint." United States ex rel Oberg v. Penn Higher Educ. Assist. Agency, 745 F.3d 131 (4th Cir. 2014). The court may consider exhibits to pleadings and documents attached to the motion to dismiss, "so long as they are integral to the complaint and authentic." Occupy Columbia v. Haley, 738 F.3d 107, 116 (4th Cir. 2013) (quoting Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009)); Clatterbuck v. City of Charlottesville, 708 F.3d 549 (4th Cir. 2013) (in addition to the complaint, the court may also consider documents incorporated by reference in the complaint and matters subject to judicial notice).

**C. Motion for Summary Judgment Pursuant to Rule 56**

Under Rule 56, a court must grant summary judgment if there are no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit under the governing law . . ." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). For a dispute over a material fact to be genuine, the evidence must be "such that a reasonable jury could return a verdict for the nonmoving party." Id.

The party seeking summary judgment bears the initial burden of showing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317,

6

323 (1986). When determining whether the moving party has carried its burden, a court must view the facts and all reasonable inferences in the light most favorable to the non-moving party. Anderson, 477 U.S. at 255. If the moving party meets its burden, the non-moving party must rebut with evidence showing a genuine issue of material fact. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586–87 (1986).

To rebut, the non-moving party "may not rest upon the mere allegations or denials of his pleading . . . ." First Nat'l Bank of Ariz. v. Cities Serv. Co., 391 U.S. 253, 288 (1968) (quotation omitted); see Anderson, 477 U.S. at 248–52. That party must present exhibits or sworn affidavits showing a genuine issue of material fact. Fed. R. Civ. P. 56(c); Celotex, 477 U.S. at 324. If the non-moving party fails to provide sufficiently probative evidence to establish a genuine issue of material fact, the court should grant summary judgment. See Fed. R. Civ. P. 56(a), (e); Harris v. Ann's House of Nuts, No. 4:14-CV-185-F, 2015 WL 3902017, at *2 (E.D.N.C. June 24, 2015).

**D. Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.**

Title 28 U.S.C. § 2241 "gives the United States District Courts jurisdiction to entertain petitions for habeas relief only from persons who are 'in custody in violation of the Constitution or laws or treaties of the United States.'" Maleng v. Cook, 490 U.S. 488, 490 (1989) (emphasis omitted) (quoting 28 U.S.C. §§ 2241(c)(3), 2254(a)). Under the federal habeas statute, federal courts may consider "not only constitutional

7

claims but claims of statutory interpretation as well." Bowrin v. United States INS, 194 F.3d 483, 487 (4th Cir. 1999) (citing Goncalves v. Reno, 144 F.3d 110, 123–24 (1st Cir. 1998)). In addition, "attacks on the execution of a sentence are properly raised in a § 2241 petition." In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (citing Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996); Hanahan v. Luther, 693 F.2d 629, 632 n.1 (7th Cir. 1982)).

# ARGUMENT

### A. Petitioner is ineligible for the application of earned time credits under the FSA, as he is subject to a final order of removal.

The earning of time credits is authorized by 18 U.S.C. § 3632(d)(4) and Section 101 of the FSA of 2018 (Pub. L. 115-391). However, 18 U.S.C. § 3632 also provides instances when an inmate is either ineligible to earn FSA time credits or ineligible for the application of time credits. As relevant here, 18 U.S.C. § 3632 specifically indicates that an inmate is ineligible to apply FSA time credits if the inmate "is the subject of a final order of removal under any provision of the immigration laws . . ." 18 U.S.C. § 3632(d)(4)(E)(i).

Title 28 C.F.R. § 523.44 also indicates that the BOP "may not apply FSA Time Credits toward prerelease custody or early transfer to supervised release" for any inmate who is eligible to earn time credits but who is "[s]ubject to a final order of removal under immigration laws . . ." 28 C.F.R. § 523.44(a)(2)[2]; see also Gonzalez-

---

[2] On February 6, 2023, the BOP issued a Change Notice ("CN") to BOP Program Statement ("P.S.") 5410.01, First Step Act of 2018 – Time Credits: Procedures for Implementation of 18 U.S.C. § 3632(d)(4), in which the BOP removed a portion of the policy indicating that inmates with "unresolved

8

Garcia v. FCI Berlin, Warden, No. 23-CV-0091, 2023 WL 3020872 (D.N.H. April 20, 2023) (holding that "[b]ecause petitioner is subject to a final order of removal, he is ineligible to apply toward early release any FSA time credits he claims to have earned").

In fact, Federal District Courts have consistently dismissed writs of habeas corpus pursuant to 28 U.S.C. § 2241 for similar claims. See Gomez-Rocha v. King, No. 5:23-HC-2026-D (E.D.N.C. Feb. 9, 2024) ("Gomez-Rocha was not deprived of credits he already earned. Rather, his final order of removal rendered him ineligible for them"); see also Flores v. Neely, No. 7:23-CV-429, 2023 WL 7034285, at *1 (N.D. Ala. Sept. 26, 2023), report and recommendation adopted, No. 7:23-CV-429, 2023 WL 7029212 (N.D. Ala. Oct. 25, 2023) (holding that petitioner was statutorily ineligible for earned time credits under the Act because she was subject to a final order of removal); Parker v. Barazza, No. 1:23-CV-455, 2023 WL 5401754, at *2 (M.D. Pa. Aug. 22, 2023) (denying a habeas petition "[b]ecause of [petitioner's] final order of removal, and pursuant to the plain language of 18 U.S.C. § 3632(d)(4)(E)").

In the instant case, Respondent does not dispute that Petitioner is currently eligible to *earn* FSA time credits. However, he is not currently eligible for any such

---

pending charges and/or detainers may earn" FSA time credits but will be ineligible for the application of the credits. See P.S. 5410.01, CN-1 at 2, also available at https://www.bop.gov/policy/progstat/5410.01_cn2.pdf (last visited on Oct. 19, 2023). Thus, when considering immigration detainers, BOP policy now indicates that only inmates who have a "final order of removal under immigration laws" will be ineligible for the application of FSA time credits. See P.S. 5410.01 at 13, 17. Therefore, inmates with pending charges or immigration detainers that do *not* include a final order of removal, and who are otherwise eligible to earn FSA time credits, are eligible for the application of FSA time credits towards prerelease custody or early release to a supervised release term.

9

credits to be applied toward prelease custody or early release to his term of supervised release. See Respondent's Appendix ("RA") at 008 (showing that Petitioner is ineligible for the application of FSA time credits). Petitioner concedes that his FSA credits should be applied, "if the BOP or ICE finds and verifies that Petitioner is **not** subject of a current valid final order of removal/deportation[3]." [D.E. 1, at 8] (emphasis added).

Here, Specifically, on or around April 13, 2023, the BOP received an updated Immigration Detainer for Petitioner from the U.S. Department of Homeland Security. (D.E. 1-1, at 8). The updated Immigration Detainer indicates that Petitioner is subject to a final order of removal. [D.E. 1-1, at 7]. Additionally, Petitioner's Order of the Immigration Judge ordering removal specifically indicates Petitioner has been ordered removed from the United States. (RSMF ¶¶ 5-6; RA at 011).

Therefore, pursuant to 18 U.S.C. § 3632(d)(4)(E)(i) and 28 C.F.R. § 523.44(a)(2), Petitioner may earn FSA time credits, but the time credits may not be applied toward prelease custody or early release to his term of supervised release, as Petitioner is

---

[3] Petitioner's claim also appears to be challenging his immigration detainer under "BOPs Interstate Agreement on Detainers Act Policy," not his final order of removal. [D.E. 1, at 7]. However, as discussed *supra* Section A, there is a final order of removal associated with Petitioner's ICE detainer, thereby restricting his ability under statute to apply any FSA credits. See RSMF ¶¶ 5-6. Nevertheless, District Courts have found the IAD does not apply to ICE detainers. See Quintero v. Immigration & Customs Enforcement, Civil Action No. GLR–12–1877, 2012 WL 4518083, at *1 (D. Md. Sept. 27, 2012) (denying request to compel ICE to adjudicate immigration status and stating that "[t]he concept of prosecutorial discretion as applied to immigration enforcement activity such as a decision to place a particular alien in removal proceedings has specifically been reaffirmed by the Supreme Court") (citations omitted). "Immigration deportation proceedings are not criminal proceedings[,]" but rather "are civil in nature and are not conducted by a court of the United States." Angeles v. INS, No. 3:10–cv–00640–HDM–RAM, 2010 WL 4791747, at *1 (D. Nev. Nov. 18, 2010) (citing Argiz v. United States Immigration, 704 F.2d 384, 387 (7th Cir. 1983)).

subject to a final order of removal.

As a result, Petitioner is not eligible to receive the relief requested in his Petition. Accordingly, this Petition must be denied.

## CONCLUSION

For the foregoing reasons, the instant Petition should be denied, and this case should be dismissed.

Respectfully submitted, this 24th day of April 2024.

        MICHAEL F. EASLEY, JR.
        United States Attorney

        By:   /s/ Christina A. Kelley
             CHRISTINA A. KELLEY
        Attorney for Respondent
        Special Assistant United States Attorney
        U.S. Attorney's Office
        Civil Division
        150 Fayetteville Street, Suite 2100
        Raleigh, NC 27601
        Telephone:   (919) 856-4530
                         (919) 575-3900
                         (919) 856-4821
        Email: Christina.Kelley@usdoj.gov
        N.C. Bar No. 34248

CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of April 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, and I certify that I have served a copy of the foregoing upon Petitioner in this action, a non-CM/ECF participant, by placing a copy of the document in an envelope in the U.S. Mail, addressed as follows:

> Ken Ejimofor Ezeah
> Reg. No. 98590-379
> FCI Butner Low
> P.O. Box 999
> Butner, NC 27509

By:   /s/ Christina A. Kelley
      CHRISTINA A. KELLEY
Attorney for Respondent
Special Assistant United States Attorney
U.S. Attorney's Office
Civil Division
150 Fayetteville Street, Suite 2100
Raleigh, NC 27601
Telephone:  (919) 856-4530
             (919) 575-3900
             (919) 856-4821
Email: Christina.Kelley@usdoj.gov
N.C. Bar No. 34248