IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-HC-02246-M

KEN EJIMOFOR EZEAH,  )
                     )
        Petitioner,  )
                     )
v.                   )     ORDER
                     )
WARDEN HECKARD,      )
                     )
        Respondent.  )

This cause is before the court on petitioner's motions, see [D.E. 24, 29, 30, 31, 32, 36, 43], and respondent's motion to dismiss or, in the alternative, for summary judgment, Mot. [D.E. 16].

Relevant Procedural History:

On November 11, 2023, Ken Ejimofor Ezeah ("petitioner"), a federal inmate proceeding *pro se*, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. See Pet. [D.E. 1].

Petitioner generally argues that the Federal Bureau of Prisons ("BOP") wrongly denied him earned "time credits" under the First Step Act ("FSA") due to an Immigration and Customs Enforcement ("ICE") detainer. Id. at 2. Petitioner states his appeal is pending with the Board of Immigration Appeals ("BIA"). Id. at 6. Petitioner contends that BOP policy conflicts with ICE detainer policy as he has been denied eligibility for FSA early release solely by a "detainer unsupported by probable cause." Id. at 7–8. Petitioner also contends that BOP policies provide "no instruction on FSA detainer verification mechanism," and the Warden has avoided verifying the detainer. Id. at 8. For relief, petitioner asks that his FSA time credits be applied. Id.

Petitioner asserts he "is challenging only the process by which the final order of removal is verified and used by the BOP pursuant to the First Step Act's mandate and not the merits of the

final order or how the order was determined." Pet. Attach. [D.E. 1-1] at 1. Petitioner argues that the BOP's reliance on ICE detainers and failure to verify his FSA "time credit" eligibility violate his Fourth and Fifth Amendment rights. Petitioner asks the court, *inter alia*, to order the BOP to "apply all earned early release time credit toward his immediate release" under the FSA. Id.

In his first motion to supplement or amend, petitioner argues, *inter alia*, that he exhausted his administrative remedies and received conflicting responses, and BOP's reliance on a December 20, 2017, ICE detainer is misplaced because this was not a "final order." See Mot. [D.E. 7].

In his second motion to supplement or amend, petitioner argues, *inter alia*, his FSA earned time credits should immediately be applied towards his early release. See Mot. [D.E. 11].

On April 4, 2024, the court, *inter alia*, granted petitioner's motions to amend, conducted its initial review, and allowed the action to proceed. See Order [D.E. 13].

On April 24, 2024, respondent moved to dismiss the action either for lack of subject matter jurisdiction, or for failure to state a claim upon which relief may be granted, or, in the alternative, for summary judgment, Mot. [D.E. 16], and filed a memorandum in support [D.E. 17], a statement of material facts [D.E. 18], and an appendix [D.E. 19], including the declaration of BOP paralegal specialist Kelly Forbes [D.E. 19-1], together with documents in support [D.E. 19-2, 19-3].

Pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam), the court notified petitioner about the pending motion, the response deadline, and the consequences of failing to respond [D.E. 20].

On May 1, 2024, petitioner timely filed a response [D.E. 22], a rebuttal [D.E. 23], a "motion for leave to entertain petitioner's amendments [sic]," Mot. [D.E. 24], and an appendix [D.E. 25].

On May 6, 2024, respondent filed a reply. See Reply [D.E. 26].

2

On May 10, 2024, petitioner filed a memorandum. See Pet'r's Mem. [D.E. 27].

On May 30, 2024, petitioner filed a motion "to take judicial notice [sic]." Mot. [D.E. 29].

On June 5, 2024, petitioner filed a motion to expedite. See Mot. [D.E. 30].

On June 26, 2024, petitioner filed a motion for a hearing. See Mot. [D.E. 31].

On July 8, 2024, petitioner filed another motion "to take judicial notice." Mot. [D.E. 32].

On August 22, 2024, petitioner filed a self-styled "emergency request for the issuance of an order to show cause [sic]." Mot. [D.E. 36] (seeking expedited relief).

On October 7, 2024, petitioner filed a motion seeking a ruling. See Mot. [D.E. 43].

Petitioner also filed letters in support. See [D.E. 33, 34, 35, 37, 38, 39, 40, 41, 42].

### Statement of Facts:

A party's statement of undisputed material facts is "deemed admitted for purposes of the motion [for summary judgment] unless it is specifically controverted by a correspondingly numbered paragraph in the opposing statement." Local Civ. R. 56.1(a)(2); Felton v. Moneysworth Linen Serv., Inc., 295 F. Supp. 3d 595, 597 n.1 (E.D.N.C. 2018); Howard v. Coll. of the Albemarle, 262 F. Supp. 3d 322, 329 n.1 (E.D.N.C. 2017), aff'd, 697 F. App'x 257 (4th Cir 2017) (per curiam) (unpublished); United States v. Compassionate Home Care Servs., Inc., No. 7:14-CV-113-D, 2017 WL 1030706, at *1 n.1 (E.D.N.C. May 15, 2017) (unpublished); see Fed. R. Civ. P. 56(e)(2).

Respondent's statement of facts cites the underlying evidence, which the court has reviewed, but petitioner's filings do not include a correspondingly numbered opposing statement.

On October 6, 2017, in the United States District Court for the Western District of Oklahoma, petitioner was sentenced to, *inter alia*, a 132-month term of incarceration pursuant to a conviction for Conspiracy to Commit Wire Fraud. See Resp't Stmt. Mat. Facts. [D.E. 18] at ¶2.

3

Petitioner now is incarcerated at Low Security Correctional Institution Butner ("LSCI Butner" or "Butner") and is currently scheduled to release from his federal sentence on September 11, 2025, via good conduct time release. Id. at ¶¶1, 3; see BOP Inmate Locator, https://www.bop.gov/inmateloc/ (search by inmate number) (visited Oct. 18, 2024).

Pursuant to the instant petition, Butner Staff "contacted a Deportation Officer at [ICE] to confirm that Petitioner is in fact subject to a final order of removal, despite having an Immigration Detainer from the Department of Homeland Security on file." Resp't Stmt. Mat. Facts. [D.E. 18] at ¶4. "The Deportation Officer provided staff with the Order of the Immigration Judge related to Petitioner's immigration removal proceeding." Id. at ¶5. "The Order or Removal specifically indicates Petitioner was ordered removed from the United States." Id. at ¶6. Butner staff "also have a copy of the Order of Removal for inclusion in Petitioner's official BOP records." Id. at ¶7.

"An inmate's eligibility for the application of FSA time credits towards prerelease custody or early release to a term of supervised release is based upon," *inter alia*, factors "such as whether an inmate is subject to a final order of removal pursuant to immigration laws." Id. at ¶8. BOP records reflect that petitioner "is currently identified as being ineligible for application of any FSA earned time credits due to him being subject to a final order of removal." Id. at ¶9.

Legal Standard:

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) tests subject-matter jurisdiction–a court's "statutory or constitutional power to adjudicate the case." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 89 (1998) (emphasis omitted). "[T]he party invoking federal jurisdiction bears the burden of establishing its existence." Id. When considering a motion to dismiss for lack of subject-matter jurisdiction, the district court may consider evidence outside

4

the pleadings without converting the motion into one for summary judgment, but it "should apply the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the complaint's legal and factual sufficiency. Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010). In reviewing such a motion, the court accepts as true all factual allegations, but need not accept legal conclusions drawn from the facts, Iqbal, 556 U.S. at 678–79, nor "unwarranted inferences, unreasonable conclusions, or arguments," Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (quotation omitted). The court liberally construes *pro se* filings, Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam); Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), but the facts alleged still "must be enough to raise a right to relief above the speculative level," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

Summary judgment is appropriate when, after reviewing the record taken as a whole, no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once the moving party has met its burden, the nonmoving party may not rest on the allegations or denials in its pleading, Anderson, 477 U.S. at 248–49, but "must come forward with specific facts showing that there is a genuine issue for trial," Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (alteration and internal quotation omitted). A trial court reviewing a motion for summary judgment should

5

determine whether a genuine issue of material fact exists for trial. Anderson, 477 U.S. at 249. In making this determination, the court must view the evidence and the inferences drawn therefrom in the light most favorable to the nonmoving party. Scott v. Harris, 550 U.S. 372, 378 (2007).

## Discussion:

Section 2241 empowers the court to grant habeas relief to a prisoner who "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(a), (c).

Under the FSA, by participating in BOP approved programming, an "eligible" inmate may earn "time credits" that reduce the custodial portion of his sentence. See 18 U.S.C. §§ 3621(h)(2), 3632(d)(4)(A), (D).

A subparagraph labeled, "Deportable prisoners ineligible to apply time credits," provides:

> (i) In general.--A prisoner is ineligible to apply time credits under subparagraph (C) if the prisoner is the subject of a final order of removal under any provision of the immigration laws (as such term is defined in section 101(a)(17) of the Immigration and Nationality Act (8 U.S.C. 1101(a)(17))).

18 U.S.C. § 3632(d)(4)(E)(i).

Under the Immigration Nationality Act ("INA"), if an immigration judge decides after a hearing that a noncitizen alien is deportable and not entitled to relief or protection from removal, such as asylum, the immigration judge will issue an order of removal. See Johnson v. Guzman Chavez, 594 U.S. 523, 528 (2021) (citing, *inter alia*, 8 U.S.C. §§ 1229a(a)(1), 1229a(c)(5)).

Here, Kelly Forbes declares, *inter alia*, that: Forbes is a BOP Paralegal Specialist at Butner; Forbes has access to official BOP records to include petitioner's attached records; the attached records are "business records of regularly conducted activity" that Forbes is "qualified to authenticate"; Forbes certifies that the attached records "(1) were made at or near the time of the

6

occurrence or the matters set forth by, or from information transmitted by, a person with knowledge of those matters," "(2) were kept in the course of regularly conducted activity," and "(3) were made by the regularly conducted activity as a regular practice"; "Petitioner is currently incarcerated at LSCI Butner in service of a 132-month sentence for Conspiracy to Commit Wire Fraud"; "Petitioner is currently scheduled to release from his federal sentence on September 11, 2025, via good conduct time release"; Butner staff "contacted a Deportation Officer at U.S. Immigration and Customs Enforcement to confirm that Petitioner is in fact subject to a final order of removal, despite having an Immigration Detainer from the Department of Homeland Security on file"; "The Deportation Officer provided staff with the Order of the Immigration Judge related to Petitioner's immigration removal proceedings"; "The Removal Order specifically indicates Petitioner was ordered removed from the United States"; "Staff in the Correctional Systems Department at LSCI Butner also have a copy of the Order of Removal for inclusion in Petitioner's official BOP records"; a BOP inmate's "eligibility for the application of any FSA time credits towards prerelease custody or early release to a term of supervised release is based upon the inmate's recidivism risk-level and other factors, such as whether an inmate is subject to a final order of removal pursuant to immigration laws"; and, according to BOP records, "Petitioner is currently identified as being ineligible for application of any FSA earned time credits due to him being subject to a final order of removal." See Resp't App., Forbs Decl. [D.E. 19-1] at ¶¶1–9.

The record supports Forbes' declaration. See id., Attach. 1 [D.E. 19-2] at 1–3 (SENTRY Sentence Monitoring Computation Data reflecting, *inter alia*, that petitioner is FSA ineligible and has a projected Good Conduct Time Release date of Sept. 11, 2025); id., Attach. 2 [D.E. 19-3] at 1–3 (Order of the Immigration Judge: listing petitioner's Alien Registration Number ("A-

Number") as 204048674; showing, on Jan. 3, 2022, the Immigration Court entered an oral decision finding petitioner removable under the INA § 237(a)(2)(A)(iii), see 8 U.S.C. § 1227(a)(2)(A)(iii) ("Any alien who is convicted of an aggravated felony at any time after admission is deportable"); and ordering petitioner's removal to Nigeria).

Although petitioner argues the BOP wrongly relied on a detainer when denying FSA time credits, rather than a final order of removal, his April 13, 2023, Immigration Detainer shows that he is subject to a final order of removal. See Pet. Attach. [D.E. 1-1] at 8 (Department of Homeland Security Immigration Detainer - Notice Of Action: noting DHS determined probable cause exists that petitioner is a removable alien based on, *inter alia*, a final order of removal against him; listing, as the "file number," his A-Number, 204-048-674; and noting, as his citizenship, "Nigeria").

Additionally, publicly available information reflects that petitioner's BIA appeal was dismissed on June 7, 2022, his motion to reopen BIA jurisdiction was denied on October 9, 2024, and there are no future hearings for this case. See Executive Office for Immigration Review Automated Case Information for Ken Ejimofor Ezeah, available at https://acis.eoir.justice.gov/en/ (search by A-Number 204-048-674) (visited Oct. 18, 2024). Thus, although he argues his order of removal is not "final" due to his April 2024, BIA motion, see [D.E. 22, 23, 27, 29], he simply is incorrect, see 8 C.F.R. § 1241.1 ("An order of removal made by the immigration judge at the conclusion of proceedings under section 240 of the Act shall become final: (a) Upon dismissal of an appeal by the Board of Immigration Appeals"); see also Stone v. I.N.S., 514 U.S. 386, 405 (1995) ("The consolidation provision in § 106(a)(6) [of the INA] reflects Congress' understanding that a deportation order is final, and reviewable, when issued. Its finality is not affected by the subsequent filing of a motion to reconsider." (referencing 8 U.S.C. § 1105a(a)(1))).

8

Petitioner also argues that, under Loper Bright Enterprises v. Raimondo, 144 S. Ct. 2244 (2024), respondent's interpretation of the FSA is not entitled to deference. See Mot. [D.E. 32]. The FSA, however, unambiguously precludes application of time credits for inmates subject to a final order of removal. 18 U.S.C. § 3632(d)(4)(E)(i); see 28 C.F.R. § 523.44(a) ("For any inmate eligible to earn FSA Time Credits under this subpart who is . . . . (2) Subject to a final order of removal under immigration laws . . . , the Bureau may not apply FSA Time Credits toward prerelease custody or early transfer to supervised release."). Thus, petitioner's attempted reliance on Loper Bright is misplaced. See Cogdell v. Reliance Standard Life Ins. Co., No. 1:23-CV-01343 (AJT/JFA), 2024 WL 4182589, at *3 n.6 (E.D. Va. Sept. 11, 2024) ("Loper Bright is applicable only insofar as there is statutory ambiguity").

Thus, because petitioner is subject to a final order of removal, see Resp't App., Attach. 2 [D.E. 12-3], under the plain language of 18 U.S.C. § 3632(d)(4)(E)(i), he is statutorily ineligible for the application of earned FSA time credits toward early release, see Gomez-Rocha v. King, No. 5:23-HC-2026-D (E.D.N.C. Feb. 9, 2024); accord Flores v. Neely, No. 7:23-CV-429-ACA-GMB, 2023 WL 7034286, at *1 (N.D. Ala. Sept. 26, 2023), report and recommendation adopted, No. 7:23-CV-429-ACA-GMB, 2023 WL 7029212 (N.D. Ala. Oct. 25, 2023); Parker v. Barazza, No. 1:23-CV-455, 2023 WL 5401754, at *2 (M.D. Pa. Aug. 22, 2023); Gonzalez-Garcia v. FCI Berlin, Warden, No. 23-CV-0091-SM, 2023 WL 3020872, at *2 (D.N.H. Apr. 20, 2023).

Accordingly, after viewing the record and the reasonable inferences in the light most favorable to petitioner, Scott, 550 U.S. at 378, respondent has shown that petitioner is not entitled to the requested habeas relief, but petitioner fails to come forward with specific facts showing that there is a genuine issue for trial, see Anderson, 477 U.S. at 248–49; Matsushita, 475 U.S. at 587.

9

Finally, because reasonable jurists would not find the court's treatment of any of these claims debatable or wrong, and because none of the issues are adequate to deserve encouragement to proceed further, the court also denies a Certificate of Appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Conclusion:

In sum, the court: GRANTS IN PART the motions "for leave to entertain petitioner's amendments [sic]" [D.E. 24], and to take judicial notice [D.E. 29, 32], to the extent that petitioner asks the court to consider the arguments therein; GRANTS respondent's motion for summary judgment [D.E. 16]; DENIES AS MOOT petitioner's motions seeking a hearing or to expedite [D.E. 30, 31, 36, 43]; and DENIES a Certificate of Appealability. The clerk shall close the case.

SO ORDERED this 21st day of October, 2024.

RICHARD E. MYERS II
Chief United States District Judge